UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DWAYNE D. CHAMBERS,

      Plaintiff,

v.                                                                    Case No.  6:12-cv-1802-ORL-37TBS

THE SYGMA NETWORK, INC.,

      Defendant.

_____/

## ORDER

Pending before the Court is Defendant's Motion to Compel Universal Advocate Services, Inc. ("Universal") to Provide Better Responses to Rule 45 Subpoena. (Doc. 17).  Universal has not responded to the motion and the time to do so has expired.

Plaintiff complains that he was the victim of racial discrimination and retaliation by Defendant in the workplace.  (Doc. 1).  Defendant denies Plaintiff's allegations. (Doc. 7).  Pre-suit, Plaintiff was represented by Universal which corresponded with Defendant on his behalf.  (Doc. 17-2).  In that correspondence, Universal outlined Plaintiff's claims, made settlement demands, and threatened litigation.  (Id.)  Plaintiff's mother, Julieth Chambers and brother, Delroy Alphonso Chambers are principals in Universal.  (Doc. 17 ¶ 3).  When Defendant did not settle, Plaintiff brought an administrative action against Defendant.  (Doc. 17-3).  Plaintiff's brother, who is not a lawyer, attempted to represent Plaintiff in that proceeding.  (Doc. 17 ¶ 4).  After the Administrative Law Judge held that Plaintiff's brother could not represent him, Plaintiff set the deposition of Defendant's former human relations manager.  (Id. ¶ 7).  Both Plaintiff and his brother were present for the deposition where Plaintiff displayed

copies of documents Defendant had not produced, which concerned one of

Defendant's other employees.  (Id.).  When Defendant asked Plaintiff where he got

the documents, Plaintiff said he had received them from Universal.  (Id.).  Following

the deposition, Plaintiff dismissed the administrative case.  (Id.).

After Plaintiff filed this action, Defendant served Universal with a FED. R. CIV. P.

45 subpoena duces tecum.  (Doc. 17-5 at 5).  Universal responded and objected in

writing, but did not seek a protective order or assert a claim of privilege.  (Doc. 17-6).

The categories of documents Defendant subpoenaed and Universal's responses are

set forth below:

> 1.    Any and all documents that in any way refer to,
> reference, evidence, discuss, pertain to or relate to SYGMA.
>
> RESPONSE: Universal Advocate Services, Inc. objects to
> Request No. 1 insofar as the request is overly broad and is not
> reasonably calculated to lead to the discovery of admissible
> evidence. Specifically the phrase "that in any way refer to,
> reference, evidence, discuss, pertain to or relate to SYGMA," could
> encompass a large number of documents not relevant to the claims
> or defenses in the subject matter in the Action. Universal Advocate
> Services, Inc. will not produce documents, which are unrelated to
> the subject matter in the Action.  Subject to and without waiving the
> foregoing objection, Universal Advocate Services, Inc. states that
> all documents that pertain to the subject matter in the Action have
> been transferred to the Plaintiff (Dwayne D. Chambers) on or
> around October 23rd, 2012,
>
> 2.    Any and all documents reflecting communications of
> any kind, with any current or former SYGMA Associate, including,
> but not limited to, Dwayne D. Chambers.
>
> RESPONSE: Universal Advocate Services, Inc. objects to
> Request No. 2 insofar as this request is overly broad and is not
> reasonably calculated to lead to the discovery of admissible
> evidence. This request may encompass a large number of
> documents not relevant to the claims or defenses in the subject

matter in the Action. Universal Advocate Services, Inc. will not produce documents, which are unrelated to the subject matter in the Action. Universal Advocate Services, Inc. objects to this request to the extent Defendant is attempting to engage in an impermissible "fishing expedition" which is grossly overbroad. Subject to and without waiving the foregoing objection, Universal Advocate Services, Inc. states that all documents that pertain to the subject matter in the Action have been transferred to the Plaintiff (Dwayne D. Chambers) on or around October 23rd, 2012.

3.      Any and all documents which pertain to any former or current SYGMA Associate, including but not limited to, any and all documents which may have been contained in any former or current SYGMA Associate's personnel file, or DOT driver qualification file.

RESPONSE: Universal Advocate Services, Inc. objects to Request No. 3 insofar as the request is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. This request may encompass a large number of documents not relevant to the claims or defenses in the subject matter in the Action. Universal Advocate Services, Inc. will not produce documents, which are unrelated to the subject matter in the Action. Universal Advocate Services, Inc. objects to this request to the extent Defendant is attempting to engage in an impermissible "fishing expedition" which is grossly overbroad. Subject to and without waiving the foregoing objection, Universal Advocate Services, Inc. states that all documents that pertain to the subject matter in the Action have been transferred to the Plaintiff (Dwayne D. Chambers) on or around October 23rd, 2012.

4.      Any and all documents reflecting communications with any current or former SYGMA Associate regarding the allegations set forth in the Complaint.

RESPONSE: No responsive documents exist in Universal Advocate Services, Inc.'s possession, custody, and/or control. Universal Advocate Services, Inc. states that all documents that pertain to the subject matter in the action have been transferred to the Plaintiff (Dwayne D. Chambers) on or around October 23rd, 2012.

5.      Any and all documents reflecting communications with any current or former SYGMA Associate regarding SYGMA's alleged violations(s) of any law, rule, or regulation.

RESPONSE: Universal Advocate Services, Inc. objects to Request No. 5 insofar as said request is overly broad. This request may encompass a large number of documents not relevant to the claims or defenses in the subject matter in the action, Universal Advocate Services, Inc. will not produce documents, which are unrelated to the subject matter in the Action. Universal Advocate Services, Inc. objects to this request to the extent Defendant is attempting to engage in an impermissible "fishing expedition" which is grossly overbroad.

6.      Any and all documents that in any way refer to, reference, evidence, discuss, pertain to or relate to any of the allegations set forth in the Complaint in the Action.

RESPONSE: No responsive documents exist in Universal Advocate Services, Inc.'s possession, custody, and/or control. Universal Advocate Services, Inc. states that all documents that pertain to the subject matter in the Action have been transferred to the Plaintiff (Dwayne D. Chambers) on or around October 23rd, 2012.

7.      Any and all documents that in any way refer to, reference, evidence, discuss, pertain to or relate to the means by which You obtained documents relating to SYGMA Associates (both current and former Associates), including, but not limited to, former Transportation Manager Mr. Erick Gagnon.

RESPONSE: No responsive documents exist in Universal Advocate Services, Inc.'s possession, custody, and/or control. Universal Advocate Services, Inc. states that all documents that pertain to the subject matter in the Action have been transferred to the Plaintiff (Dwayne D. Chambers) on or around October 23rd, 2012.

(Id. at 2-4).

In its response, Universal has both objected and then answered "subject to"

and "without waiving," its objections. This practice is improper and has been

-4-

rejected by other courts in this District.  <u>See</u> <u>Pepperwood of Naples Condo. Ass'n.,</u>

<u>Inc. v. Nationwide Mut. Fire Ins. Co.</u>, No. 2:10-cv-753-FtM-36SPC, 2011 WL

3841557, at  *2 (M.D. Fla. Aug. 29, 2011); <u>Martin v. Zale Delaware, Inc.</u>, No. 8:08-

cv-47-T-27EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008), where the

Court said:

> . . . it is common practice for a party to assert boilerplate objections
> and then state that "notwithstanding the above," the party will
> respond to the discovery request, "subject to or without waiving the
> objection."  Such an objection and answer preserves nothing and
> wastes the time and resources of the parties and the court.
> Further, this practice leaves the requesting party uncertain as to
> whether the opposing party has fully answered its request.
> (Internal citations omitted.)

Accordingly, the Court OVERRULES Universal's objections to categories 1-3 in the

subpoena.

　　　Universal also objects on the ground that Defendant has subpoenaed what

"could encompass a large number of documents not relevant to the claims or

defenses in the subject matter in the Action."  The use of the word "could" to

suggest a possibility appears intended to leave the reader guessing.  First, the

Court and not Universal, will decide what is relevant.  Second, the scope of

discovery is broad.  Federal Rule of Civil Procedure 26(b)(1) provides that: "Parties

may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense-including the existence, description, nature, custody,

condition, and location of any documents or other tangible things and the identity

and location of persons who know of any discoverable matter."  Third, Universal's

boilerplate objections are, as one Court observed, "ironically, themselves overbroad

and vague." <u>Playtypus Wear, Inc. v. Clarke Modet & Co., Inc.</u>, No. 06-20976-civ, 2007 WL 4557158, at *3 (S.D. Fla. Dec. 27, 2007).  Now, these objections are OVERRULED.

Next, Universal affirmatively states that all responsive documents were turned over to Plaintiff in October, 2012.  The Court questions the accuracy of this representation.  The documents Defendant has subpoenaed include records of Universal's dealings with Defendant.  It seems unlikely that a company would turnover its business records to a client, without maintaining its own file copies.  As the Court in <u>Bailey Indus., Inc. v. CLJP, Inc.</u> said "[t]here is a rebuttable presumption that a bank or other corporation is in possession and control of its own books and records."  270 F.R.D. 662, 671 (N.D. Fla. 2010) (quoting <u>In re Equitable Plan Co.</u>, 185 F. Supp. 57, 59 (S.D.N.Y. 1960)).  To the extent these records were electronically created and stored, it also seems unlikely that they are no longer in Universal's possession.  Accordingly, this objection is OVERRULED.

Within fourteen days from the rendition of this Order Universal shall produce to Defendant, all documents in its possession or under its control, that are responsive to Defendant's subpoena.  Within the same time frame, Universal shall also file a written statement under oath: (1) describing the efforts its has undertaken to respond to the subpoena; and (2) stating whether it has taken all steps necessary to comply with the subpoena.

According to the motion, Defendant's lawyer sent a letter to Universal, expressing dissatisfaction with Universal's response to the subpoena "in an effort to

resolve the parties' issues per M.D. Fla. Local Rule 3.01(g)," and that Universal did not respond to the letter.  (Doc. 17 at 16).  Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion.  The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred."  A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g).

The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates.  Counsel must respond promptly to inquiries and communications from opposing counsel.  Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism).  In other words, counsel for the parties and third parties have a duty to discuss the issues raised in a motion before it is filed.  If counsel fails or refuses to accept or return telephone calls intended to satisfy counsel's Rule 3.01(g) obligations, the matter should be

-7-

brought to the Court's attention in a motion.  A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate.  In the future, the Court will deny motions that fail to satisfy the requirements of Rule 3.01(g).

Defendant has asked the Court to award it attorney's fees and costs incurred for the preparation and prosecution of its motion to compel.  (Doc. 17 at 4). Federal Rule of Civil Procedure 37(a)(5) states that if a motion to compel discovery is granted then:

> . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (Iii) other circumstances make an award of expenses unjust.

Defendant's request is denied pursuant to Rule 37(a)(5)(i) based upon its failure to comply with Local Rule 3.01(g).

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on April 25, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    All Counsel
    Universal Advocate Services, Inc.
    C/o Delroy Alphonso Chambers, Jr., as Registered Agent
    1002 NW Leonardo Circle
    Port St. Lucie, Florida 34986